PER CURIAM.
In this legal malpractice case, the plaintiff/appellant challenges the trial court’s granting of a judgment notwithstanding the lack of a jury verdict. A brief recital of the background facts is material to our understanding of the ultimate dispositive issue.
Leo Sanford was sued in a prior case by five claimants, all of whom were injured in an automobile that was struck by Sanford’s automobile while he was allegedly driving while drunk. After the jury found for the plaintiffs on their negligence claims and returned a verdict totalling $5,300, the trial court granted the plaintiffs’ motion for a new trial on the inadequacy-of-the-verdict grounds. At the second trial, the plaintiffs abandoned their claim of negligence and the case was submitted to the jury on the issue of wantonness only. The jury’s verdicts in the second trial totalled $228,000. Throughout these proceedings, Sanford was represented by Richard Carr, a Gadsden lawyer.
Sanford then employed new counsel and sued Carr on multiple claims of legal malpractice. At the close of all the evidence, the trial court granted Carr’s motion for a directed verdict as to all claims except for Carr’s alleged failure to advise Sanford, immediately following the $5,300 verdict, of Sanford’s right to file for bankruptcy under Chapter 7, Title 11, U.S.C. After lengthy deliberations, the jury reported that it was hopelessly deadlocked; thereupon, the trial court declared a mistrial.
Carr filed a timely post-judgment “motion for a judgment notwithstanding the lack of a verdict,” setting forth as grounds essentially the same grounds stated in support of his earlier motion for directed verdict. As the parties readily agree, Carr’s post-judgment motion, irrespective of its title, invoked the trial court’s review of its earlier denial of Carr’s motion for directed verdict. Following a hearing,- the trial court granted Carr’s post-judgment motion and dismissed the case.
Conceding that the judgment after the second trial, based on wantonness, is non-dischargeable, Sanford contends, in opposition to Carr’s post-trial motion and on appeal, that the first judgment against him on the negligence claim for $5,390 was dischargeable in bankruptcy; and, thus, that Carr should be held liable for his failure to advise Sanford of his right to have this indebtedness discharged in a bankruptcy proceeding.
The parties expend an inordinate amount of space in their respective briefs arguing the pro’s and con’s of what is and what is not dischargeable in bankruptcy and who makes this determination.
We find, however, that the trial court was not called upon to decide this issue one way or the other; and, for purposes of this appeal, we will assume, without deciding, the accuracy of Sanford’s dual contention: That debts based on negligence are dis-chargeable and that debts based on wantonness are not dischargeable. At the time the trial judge was reviewing Carr’s post-judgment motion and deciding whether he *99 should have granted Carr’s earlier motion for directed verdict, he was faced with the only judgment relevant to his consideration — the judgment based upon the jury award of $228,000, the first verdict and judgment of $5,300 having been set aside and a new trial ordered.
Viewed in this light, the trial court correctly determined that Carr had commited no act, and had not conducted himself in any manner, amounting to legal malpractice. The trial court obviously ruled, and we agree, that as a matter of law Carr owed no legal duty to advise Sanford of the effect of bankruptcy on his “debt” resulting from a non-final judgment. Even under Sanford’s two-prong test of discharge-ability, any advice Carr would have given Sanford, with respect to the effect of the bankruptcy proceeding, would have been dependent on the outcome of the second trial, the first judgment having been set aside and held for naught.[1] We find no error in the trial court’s judgment against Sanford’s legal malpractice claim.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. We emphasize that this opinion should not be understood as holding that a jury issue would have been presented if the judgment against Sanford on the first trial had been sustained on post-judgment review and thus rendered final. Our language is predicated on the non-finality of that judgment (and the subsequent order setting it aside) only because those are the facts of this case.